UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No: 1:14-cr-209-TWP-DML-02 |
| JEROME DIXON, | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO REVOKE DETENTION ORDER

This matter is before the Court on Defendant, Jerome Dixon's ("Mr. Dixon") motion to revoke the Magistrate Judge's order of pretrial detention. Pursuant to 18 U.S.C. § 3145(b), the District Court Judge has made a *de novo* review of the Magistrate Judge's Order of Detention ([Filing No. 22](#)). The transcript of the proceedings held on September 15, 2014, the pretrial services report (PS3) and recommendation of detention prepared by the United States Probation Office were entered into evidence. Mr. Dixon's Motion and Brief to Set Aside and Revocation of Order of Detention ([Filing No. 72](#)), as well as testimony, evidence and argument submitted at the April 27, 2015 hearing were considered. The Court finds there are no conditions or combination of conditions which would overcome the unacceptable risk that Mr. Dixon would flee or pose a danger to safety of the community. Accordingly, the request for release from custody pending trial is **DENIED.**

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Mr. Dixon was originally arrested on a criminal complaint. A detention hearing was held on July 6, 2012, wherein the Magistrate Judge found that the Government had met its burden of showing by clear and convincing evidence that no condition or combination of conditions of

release would reasonably assure the safety of the community from Mr. Dixon and its burden of showing by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the appearance of Mr. Dixon at future proceedings in this matter. ([Filing No. 22 at ECF pp 9-10](Filing No. 22 at ECF pp 9-10).)

An indictment was returned on October 15, 2014 charging Mr. Dixon and co-defendant Shaunette Brooks with Count 1: conspiracy to possess with intent to distribute and to distribute one kilogram or more of a mixture or substance containing heroin in violation of 21 U.S.C. § 841(a)(1) and 846 and Count 2: possession with intent to distribute one kilogram or more of a mixture or substance containing heroin in violation of 21 U.S.C. § 841(a)(1).

The parties agree that based on the crimes charged, there is a presumption that there are no terms or conditions which would reasonably assure Mr. Dixon's appearance and the safety of the community or another person and the burden of production lies first with the defense. The burden of proof lies with the Government as to dangerousness by clear and convincing evidence, and as to flight by a preponderance of the evidence, but the presumption that those conditions cannot be determined or found to reasonably assure appearance and safety does not disappear upon the production of some evidence, but remains a factor in the case. On this point, the Seventh Circuit has adopted the thorough reasoning of the court in *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir. 1985). See *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986), and *United States v. Diaz*, 777 F.2d 1236 (7th Cir. 1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of a presumption, the rebuttable presumptions of § 3142(e) are not such "bursting bubbles." *Jessup,* 757 F.2d at 383. Thus, even if a defendant has rebutted a presumption by producing some evidence, the Court should still give weight to Congress's finding and direction that repeat offenders involved in

crimes of violence or drug trafficking, as a general rule, pose special risks of flight and danger to the community. *Dominguez*, 783 F.2d at 707; *Diaz*, 777 F.2d at 1238; *Jessup*, 757 F.2d at 383.

The weight of evidence against Mr. Dixon is as follows: Detectives from the Anderson Police Department and the Madison County Drug Task Force advised Special Agent Steele of witnesses who would testify that they had been obtaining heroin from Ms. Brooks and Mr. Dixon from 2013 until his arrest in August 2014. During his investigation, Special Agent Steele and others made controlled buys of heroin from Mr. Dixon. Mr. Dixon was arrested in Madison County, Indiana on July 17, 2014 and charged in state court for possession of oxycodone, crack cocaine and heroin; thereafter, he posted bail and was released. On August 13, 2014, a controlled buy with Mr. Dixon and a confidential source was aborted, however a search warrant was executed at Mr. Dixon's residence which returned one kilogram of heroin, 758 grams of crack cocaine, 175 grams of marijuana, 20-30 boxes of cutting agent, digital scales and $99,980.00 in currency.

Upon *de novo* review, the Court finds that the Government has met its burden by a preponderance of evidence to show that Mr. Dixon is a risk for non-appearance and there are no conditions or combinations of conditions which could reasonably secure his appearance for trial. The evidence against Mr. Dixon is strong and if convicted, and due to his prior drug felony conviction, Mr. Dixon faces a possible mandatory minimum sentence of twenty years imprisonment. Mr. Dixon presented evidence that if released, he could reside at the home of Regina Brooks, the mother of his co-defendant. Although Mr. Dixon has lived in Indianapolis for many years, he has no binding ties to this community. He is not on the lease in the apartment where he resided at the time of his arrest, he has no history of verifiable employment in Indiana, and according to the PS3, he has not worked "for a very long time." Evidence was presented regarding an employment opportunity with FedEx, however, Mr. Dixon did not seek the

employment; rather, it was sought by Regina Brooks on his behalf the eve of the hearing. With the exception of a three year old child, all of Mr. Dixon's family resides in New York. Additionally, Mr. Dixon's criminal history reflects two warrants for failure to appear, one of which is still outstanding in Rensselear County, New York.

Upon *de novo* review, the Court also finds that the Government has shown by clear and convincing evidence that there are no conditions or combinations of conditions which could reasonably provide for the safety of the community if Mr. Dixon were released.

At the time of his arrest in this matter, Mr. Dixon was released on bond following the recent arrest in Madison County for felony possession of oxycodone, crack cocaine and heroin. The conditions of his bond and release from jail in Madison County would certainly include a condition of no new arrests and that no new crimes are committed. Special Agent Speer made a controlled purchase from Mr. Dixon and Ms. Brooks while he was on bond and the search warrant was executed while Mr. Dixon was on bond. The Government argued that Mr. Dixon's prior involvement with law enforcement in July 2014 is evidence of dangerousness to the community because while on bond for drug offenses, Mr. Dixon was not deterred from continuing to engage in drug offenses. The Government also argued that dangerousness is not just guns or assault, but it is also engaging in narcotics trafficking undeterred, despite the fact that one has been arrested and is on bond. The Court finds this argument to be credible and persuasive. The Court is not convinced by clear and convincing evidence that Mr. Dixon would abide by any conditions of release to protect others from dangerous criminal activity of drug possession and trafficking.

## II. **CONCLUSION**

Title 18, U.S.C. § 3142, provides that a defendant shall be detained upon a showing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably

4

assure the appearance of the defendant or by clear and convincing evidence that no conditions will provide for the safety of the community. The District Court's *de novo* determination is that the Government has met its burden of proof in both respects and Mr. Dixon's Motion to Revoke Detention Order ([Filing No. 72](#)) is **DENIED**. Mr. Dixon is remanded to the custody of the United States Marshal pending his trial.

**SO ORDERED.**

Date: 4/30/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sanford A. Schulman
ATTORNEY AT LAW
saschulman@comcast.net

Melanie C. Conour
UNITED STATES ATTORNEY'S OFFICE
melanie.conour@usdoj.gov

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

Magistrate Judge Dinsmore

United States Marshal Service

United States Probation Office