# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cr-00209-TWP-TAB |
| | ) | |
| JEROME DIXON, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT JEROME DIXON'S MOTION TO SEVER

This matter is before the Court on Defendant Jerome Dixon's ("Mr. Dixon") Motion to Sever ([Filing No. 81](#)). Mr. Dixon contends that joining him for trial with co-defendant Shaunette Brooks ("Ms. Brooks") is improper under Federal Rule of Criminal Procedure 8(b) and *Bruton v. United States*, 391 U.S. 123 (1968), and therefore his trial should be severed under Rule 14(a). For the following reasons, Mr. Dixon's Motion to Sever is **DENIED**.

## I. FACTUAL BACKGROUND

Mr. Dixon, along with his co-defendant Ms. Brooks, is charged with (1) conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846 and (2) possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). Mr. Dixon alleges that Ms. Brooks is his long time fiancé, however Ms. Brooks has stated that while they had a romantic relationship in the past, their relationship is now platonic. Following her arrest, Ms. Brooks was interviewed and allegedly made incriminating statements to authorities regarding heroin drug trafficking activities, some involving Mr. Dixon and some not. Mr. Dixon moves for a separate trial pursuant to FRCP Rule 8 and 14, because the statements of Ms. Brooks, if admitted

at trial, would deny him a fair trial and be extremely prejudicial before a jury. He also asserts that if these statements are introduced they will raise a strong probability of a "spillover effect."

## II. LEGAL STANDARD

The district court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Long*, 190 F.3d 471, 476 (6th Cir.1999). The defendant bears the burden of producing "a strong showing of factually specific and compelling prejudice" that will "mislead or confuse the jury." *Moore*, 917 F.2d at 221; *United States v. Davis*, 177 F.3d 552, 558 (6th Cir.1999) (stating that "a defendant seeking severance at trial from co-defendants bears a strong burden and must demonstrate substantial, undue, or compelling prejudice"). If the defendant is "able to show some potential jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials." *Murr v. United States*, 200 F.3d 895, 904 (6th Cir. 2000).

## III. DISCUSSION

The Court is not persuaded by Mr. Dixon's argument and finds that joinder is appropriate in this instance. Rule 8(b) provides for the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Because the evidence inculpates Mr. Dixon and Ms. Brooks as equal partners in the charged criminal activity, with neither more involved than the other, joinder is appropriate under Rule 8(b).

Rule 14(a) provides that the Court may sever the defendants' trial if joinder "appears to prejudice a defendant or the government." Mr. Dixon argues that he will be prejudiced by spillover

evidence from the alleged incriminating statements made by Ms. Brooks. In *Zafiro,* the court addresses the "spillover" effect as a risk that might occur "when evidence that a jury should not consider against a defendant and that would not be admissible if a defendant were tried alone, is admitted against a co-defendant." *Zafiro*, at 539. The Government argues that their evidence inculpates Ms. Brooks and Mr. Dixon as equal partners, thus "any danger of spillover effect based solely on the fact that [Ms.] Brooks confessed is de minimus." (Filing No. 84 at 3.)

Mr. Dixon also believes that if Ms. Brooks's statements are admitted at trial, they would deny him a fair trial in violation of *Bruton*. In *Bruton v. United States,* 391 U.S. at 136, the Supreme Court held that where a co-defendant makes a powerfully incriminating, extra-judicial statement and does not testify at trial, that statement cannot be introduced as evidence in the record. The Court recognized that the risk of prejudice to the defendant, caused by the incriminating statement, was far too great, despite limiting jury instructions. *Id.*

As an initial matter, the Government is correct that there is no potential *Bruton* violation if Ms. Brooks testifies as she will be subject to cross-examination by Mr. Dixon. The Government also contends that the proper cure for any potential *Bruton* issue would be the redaction of Ms. Brooks's statement, not severance of the co-defendants' trial. Redactions can ensure "a fair trial and preserve the effectiveness of jointly trying co-defendants against whom the vast majority of the evidence is equally admissible." (Filing No. 84 at 5.)

The Government further responds that Rule 14(a) does not require severance because Mr. Dixon has not met the burden of showing actual prejudice which would have "substantial and injurious effect or influence in determining the jury's verdict," *United States v. Lane*, 474 U.S. 438, 439 (1986). The Court agrees that Mr. Dixon has not established prejudice that would deprive him of a fair trial. For severance under Rule 14(a), Mr. Dixon must be able to show "there is a

3

serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro* at 539. Mr. Dixon appears to argue that the nature of his relationship with Ms. Brooks would lead the jury to infer guilt if Ms. Brooks's out of court statements were introduced at trial. But there is no evidence that these co-defendants share a familial relationship which would support this argument. And, "even if the defendants can show prejudice, that alone may not necessarily suffice for them to prevail; limiting instructions will often cure any risk of prejudice, and tailoring relief from prejudice is within the district court's discretion." *United States v. Carter*, 695 F.3d 690, 701 (7th Cir. 2012).

Although the jury may hear evidence and testimony of Ms. Brooks's alleged incriminating statements, any risk of prejudice to Mr. Dixon can be cured by use of redactions or proper jury instructions. The jury is entrusted to follow the Court's instructions to give the co-defendants separate consideration, not using evidence against one to convict the other. Moreover, the charges against Mr. Dixon and Ms. Brooks will be proved by much the same evidence and arises out of the same conduct, thus judicial economy favors a joint trial of these co-defendants.

Accordingly, Mr. Dixon's Motion to Sever ([Filing No. 81](Filing No. 81)) is **DENIED**. Mr. Dixon and Ms. Brooks will be tried as scheduled, beginning **Monday, July 13, 2015**.

**SO ORDERED.**

Date: 5/19/2015

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sanford A. Schulman
ATTORNEY AT LAW
saschulman@comcast.net

Solomon Radner
ATTORNEY AT LAW
solomonradner@gmail.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov

Melanie C. Conour
UNITED STATES ATTORNEY'S OFFICE
melanie.conour@usdoj.gov