UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cr-00209-TWP-TAB |
| ) | |
| SHAUNETTE BROOKS, and ) | |
| JEROME DIXON, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANT JEROME DIXON'S MOTION TO SUPPRESS**

This case comes before the Court on Defendant Jerome Dixon's ("Mr. Dixon") request for a *Franks* hearing and Motion to Suppress (Filing No. 89). Mr. Dixon, along with co-defendant Shaunette Brooks ("Ms. Brooks"), is charged with violating 21 U.S.C. §§ 846; 841(a)(1), conspiracy to possess and distribute controlled substances, and possession with intent to distribute controlled substances. Mr. Dixon asserts that the search of his apartment and the resulting seizure of evidence violated the Fourth Amendment because the search warrant was not properly issued as a material fact was omitted from the warrant affidavit which justifies a *Franks* hearing and suppression of the evidence found during the search. He also argues the search was invalid because law enforcement officers failed to knock and announce their presence when executing the warrant. For the following reasons, Mr. Dixon's Motion to Suppress is **DENIED**.

**I.   BACKGROUND**

At approximately 3:10 p.m. on August 13, 2014, law enforcement officers executed a search warrant at the shared residence of Mr. Dixon and Ms. Brooks in Indianapolis, Indiana. "Law enforcement gained entry inside the building and apartment by keys which had been provided by BROOKS." (Filing No. 89-3 at 17 ¶ 52.)  The officers found Mr. Dixon and his

brother inside the apartment. Also inside the apartment, the officers found more than 1,000 grams of heroin, more than 800 grams of cocaine, approximately $100,000.00, and other contraband. The officers seized the heroin, cocaine, and cash. This search and seizure led to the charges against Mr. Dixon and Ms. Brooks now pending in this case.

The search warrant had been issued the day before it was executed. On August 12, 2014, Anderson Police Department Detective Keith Gaskill ("Detective Gaskill") appeared before Madison Circuit Court Judge Thomas New, Jr. ("Judge New") to request the issuance of a search warrant for Ms. Brooks' and Mr. Dixon's apartment in Indianapolis. Detective Gaskill presented sworn testimony and evidence in support of the request for the search warrant. The evidence admitted to support the issuance of a search warrant included a probable cause affidavit from Detective Gaskill, a copy of the lease for Ms. Brooks' and Mr. Dixon's shared apartment, a diagram of the apartment complex, a photograph of the exterior of the apartment building that also showed the red Dodge Nitro registered to Ms. Brooks which had been used to deliver heroin, and an aerial photograph of the residence of a co-conspirator.

Detective Gaskill's testimony and affidavit provided extensive detail regarding an ongoing conspiracy and drug operations involving Mr. Dixon and Ms. Brooks. He described five controlled purchases, audio and video recordings, GPS tracking, interviews of witnesses, telephone records, and other sources of information that formed the basis of probable cause to issue a search warrant. After the presentation of testimony and evidence, Judge New issued a search warrant for Ms. Brooks' and Mr. Dixon's shared apartment in Indianapolis.

## II. DISCUSSION

Mr. Dixon asserts that the search of his apartment and the resulting seizure of evidence violated the Fourth Amendment, and therefore, the evidence should be suppressed. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Specifically, Mr. Dixon argues that probable cause did not support the search warrant, the search warrant was stale when it was executed, the search warrant did not have a seal, and the officers failed to "knock and announce" when they executed the search warrant. Mr. Dixon also requests an evidentiary hearing.

"If the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality." *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985). And "[w]here the police have acted pursuant to a warrant, the independent determination of probable cause by a magistrate gives rise to a presumption that the arrest or search was legal." *Id.* Probable cause affidavits supporting applications for warrants are to be "read as a whole in a realistic and common sense manner," and "doubtful cases should be resolved in favor of upholding the warrant." *United States v. Quintanilla*, 218 F.3d 674, 677 (7th Cir. 2000) (citation omitted).

### A. There is no need for an evidentiary hearing.

As an initial matter, the Court finds that there is no need for an evidentiary hearing. Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at

that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. *Franks v. Delaware*, 438 U.S. 154, 155-156 (U.S. 1978); *Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003); *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001).

Mr. Dixon claims the search warrant was factually inaccurate and misleading to the magistrate judge because "the warrant represented that an event occurred at time and place that was impossible, therefore an evidentiary hearing is necessary." (Filing No. 89 at 8.) As stated above, Mr. Dixon bears the burden of making a substantial preliminary showing that a false statement was made knowingly, intentionally, or with reckless disregard for the truth and that the false statement was necessary to the finding of probable cause. *Franks at* 155-56 (1978); *United States v. Swanson*, 210 F.3d 788, 790-91 (7th Cir. 2000). Mr. Dixon has make no such showing, as such, his motion may be decided without a hearing.

**B.   There was probable cause to issue the search warrant.**

Mr. Dixon quotes and cites at length case law regarding searches and seizure of evidence and the necessity of probable cause to support the issuance of a search warrant. He also discusses case law regarding affidavits in support of search warrants. But Mr. Dixon fails to connect the case law to the facts of his case.

Mr. Dixon briefly discusses the existence of Detective Gaskill's probable cause affidavit and the resulting August 12, 2014 search warrant and also Special Agent Kevin Steele's ("Agent

Steele") September 5, 2014 probable cause affidavit, which was signed approximately three weeks after the search warrant was executed at Ms. Brooks' and Mr. Dixon's shared apartment.

Mr. Dixon then explains that the affidavit—he does not specify which of the two affidavits—was based primarily on information obtained from confidential sources who made several controlled purchases where Mr. Dixon was present. Mr. Dixon then summarily asserts that "the affiant stated that he observed the CI get into a Tahoe at 7:03 p.m. on June 30, 2014, however the rental car agreement at the Indianapolis Airport for the same day is time-stamped for 7:23 p.m. and is approximately 40 minutes away." ([Filing No. 89 at 6](#).) Two pages later, after quoting additional case law but failing to analyze the facts of his case or apply the law to his case, Mr. Dixon asserts:

> Jerome Dixon has made the requisite preliminary showing that a false or misleading statement was included by the affiant in the affidavit in support of the warrant when he represented that an event occurred at a time and place that was impossible. And since the allegedly false statement was necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held.

([Filing No. 89 at 8](#)).

However, Mr. Dixon makes no effort to explain how the facts regarding the rental car are necessary to the finding of probable cause to issue the search warrant. Importantly, Detective Gaskill's probable cause affidavit that led to the issuance of the August 12, 2014 search warrant said nothing about a confidential informant getting into a Tahoe at "7:03 p.m. on June 30, 2014." And, Detective Gaskill did not testify during the hearing before Judge New that a confidential informant got into a Tahoe at "7:03 p.m. on June 30, 2014." Thus, the evidence presented in support of the search warrant did not include facts about a 7:03 p.m. occurrence.[1] Mr. Dixon's

---

[1] The only mention of a confidential informant getting into "a Tahoe at 7:03 p.m. on June 30, 2014" is found in Agent Steele's September 5, 2014 probable cause affidavit, which was signed approximately three weeks after the search warrant was issued and then executed at Ms. Brooks' and Mr. Dixon's shared apartment.

5

argument—that false information was presented to obtain the search warrant because the rental car was time stamped and thus presumably returned at 7:23 p.m. and a confidential informant was seen getting into the rental car at a location forty minutes away at 7:03 p.m.—is unfounded and unavailing. Additionally, Mr. Dixon ignores the pages of evidence and the extensive live testimony that was provided in support of the application for the search warrant. Probable cause clearly supported the issuance of the search warrant, and the evidence need not be suppressed on this basis.

C.  **The search warrant was not stale when it was executed.**

Next, Mr. Dixon makes the nonsensical assertion that the search warrant was stale when it was executed because it was issued on August 12, 2014, and executed on August 13, 2014. The warrant directed that it could be executed during the day or night and within a reasonable time of the issuance of the warrant. Executing the warrant the day after it was issued hardly makes the warrant stale, and Mr. Dixon fails to explain how a one-day delay made the warrant stale. Given the facts of this case—Ms. Brooks' and Mr. Dixon's long-term, ongoing conspiracy and drug operations up to the date of execution of the warrant—a one-day delay between issuance and execution does not make the warrant or its evidentiary basis stale. *See United States v. Pless,* 982 F.2d 1118, 1125–26 (7th Cir. 1992); Fed. R. Crim. Proc. 41(e)(2)(A)(i).

D.  **The search warrant has a seal.**

Mr. Dixon briefly alleges that the search warrant is invalid because it did not have a seal. However, this undeveloped argument is unavailing and also is incorrect. It appears that the copy of the search warrant provided by Mr. Dixon may not have displayed a raised seal (Filing No. 89-2). However, it is clear from the certified copy of the search warrant that the warrant actually does have a raised seal (Filing No. 96-1). Further, Judge New notes on the record that the warrant was

given under his hand and sealed on the 12th day of August, 2014. Thus, this is not a sufficient basis to attack the validity of the search warrant, the ensuing search and seizure, or the admissibility of the evidence.

**E.    The argument that the officers failed to "knock and announce" is unavailing.**

Finally, Mr. Dixon argues that the evidence should be suppressed because the officers failed to "knock and announce" when they executed the search warrant. For support, Mr. Dixon points to 18 U.S.C. § 3109, which states, "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance . . . ."

While considering the ramifications of an 18 U.S.C. § 3109 violation, the Seventh Circuit held:

> [V]iolation of the rule does not authorize exclusion of evidence seized pursuant to the ensuing search. As we said in *United States v. Jones*, 149 F.3d 715, 716–17 (7th Cir. 1998), and now elevate to a holding, "it is hard to understand how the discovery of evidence inside a house could be anything but 'inevitable' once the police arrive with a warrant.

*United States v. Langford*, 314 F.3d 892, 894 (7th Cir. 2002). The following year, the Seventh Circuit explained, "suppression of evidence obtained as a result of a search subsequent to a knock-and-announce violation is not available as a remedy." *United States v. Sutton*, 336 F.3d 550, 552 (7th Cir. 2003).

In this case, the law enforcement officers, pursuant to a lawfully obtained, valid search warrant, "gained entry inside the building and apartment by keys which had been provided by BROOKS." (Filing No. 89-3 at 17 ¶ 52.) Mr. Dixon asserts that this statement does not establish that Ms. Brooks consented to the officers' entry into the apartment. However, even if there was no consent and there was a violation of the "knock and announce" rule, suppression of the evidence

7

is not a remedy available to Mr. Dixon because the search and seizure were conducted pursuant to a valid warrant and the discovery of the evidence was inevitable. Therefore, Mr. Dixon's final argument concerning an alleged failure to "knock and announce" does not justify the suppression of evidence at trial.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Mr. Dixon's Motion to Suppress (Filing No. 89).

**SO ORDERED.**

Date: 7/2/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sanford A. Schulman
ATTORNEY AT LAW
saschulman@comcast.net

Solomon Radner
ATTORNEY AT LAW
solomonradner@gmail.com

Melanie C. Conour
UNITED STATES ATTORNEY'S OFFICE
melanie.conour@usdoj.gov